MILLVILLE GAS LIGHT COMPANY v. FRANK B. SWEETEN,
&c., ET AL.

Submitted July 5, 1906—Decided November 12, 1906.

A declaration charged that it was the duty of a city and its contractor,
in digging up the streets of such city for the purpose of installing
a sewerage system, to furnish support to gas pipes which the
plaintiff had laid in such streets "under competent and legal
authority." *Held*, upon demurrer, that this conclusion of the
pleader, as to the character and sufficiency of its authority to
occupy the highway, being based upon undisclosed facts, did not
sustain its allegation of the resulting duty owed to it by the city
for the negligent performance of which the declaration sought to
hold the defendants liable.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and SWAYZE.

For the plaintiff, *Gaskill & Gaskill*.

For the defendants, *French & Richards*.

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to a declaration, the
defendant F. B. Sweeten, trading, &c., being the demurrant.

The declaration charges that the defendants Sweeten, &c.,
under a contract with the other defendant, the city of Mill-
ville, for the construction of a sewerage system, dug up
certain of the streets of the said city in which the plaintiff
had laid gas pipes, which it thereupon became the duty of
the said city and its said agent to support, protect and render
safe during the construction of the said sewerage system;
that in disregard of this duty thus owing to the plaintiff the
said pipes were so negligently supported by temporary props
and stays that the removal of the earth incident to the dig-
ging of the trenches for the sewers caused the plaintiff's

pipes to be broken and severed from their connections and to settle unevenly, to the injury of the plaintiff.

It is evident that the foundation of this charge of the negligent performance of a duty owed by the defendants to the plaintiff must be the existence of such duty. If such duty existed it arose from certain facts, and whether upon such facts such duty arose is a question for this court to determine. If this pleading does not display the facts from which a duty was owing to the plaintiff, it makes out no case of negligent performance of such duty by the defendants. The only information derivable from the plaintiff's declaration is that its pipes were "laid in the said streets by competent and legal authority." This is the pleader's conclusion, based presumably upon some state of facts known to him. It might not be the conclusion of this court if the same state of facts were made known to it. A pleading is primarily and essentially a statement of facts. Where the facts are stated in a pleading the pleader may, and often should, state that conclusion from such facts upon which he bases his right, but where the facts upon which the pleader's conclusion is based are not stated his conclusion from such undisclosed facts goes for nothing, and not being in itself a relevant fact is not admitted by a demurrer.

The demurrer in the present case not admitting the plaintiff's conclusion as to its authority to occupy the highway with its pipes, the declaration alleges no foundation for the duty which it charges was owing to the plaintiff, and if it has not charged the existence of the duty it makes out no case for damages for the negligent performance of such duty.

Judgment must be for the defendants.